**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

In re:  Timothy Jay Freeman,                Case No.  13-32288-KRH
           Debtor.                              Chapter 7

Timothy Jay Freeman,
           Plaintiff.

      v.                                APN:  _____ -KRH

**Jim Yule,**
           **Defendant.**

**COMPLAINT OF THE DEBTOR PURSUANT TO
11 U. S. C. SECTIONS 522, 547 AND 542 TO DETERMINE
A VOIDABLE PREFERENCE AND FOR TURNOVER OF PROPERTY**

    **COMES NOW** the Plaintiff, by counsel, and for his complaint respectfully represents as follows:

1. This an action brought by the Plaintiff pursuant to 11 U. S. C. §522, 11 U. S.C. §547 and 11 U. S. C. §542, to determine exemption of property, an avoidable preference and for turnover of property in the possession of the Defendant.

**JURISDICTION, VENUE AND CORE PROCEEDING**

2. The Plaintiff alleges that this is a core proceeding pursuant to 28 U. S. C. §157 (b) (2).

**Rudolph C. McCollum, Jr.**
**Counsel for the Debtor**
**VSB# 32825**
**P.O. Box 4595**
**Richmond, VA 23220**
**(804) 523-3900 (Telephone)**
**(804) 523-3901 (Facsimile)**

3. The Plaintiff further alleges that this Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U. S. C. §1334, 28 U. S. C. §157(b) (2).

4. The Plaintiff further alleges that the venue is properly laid in this district pursuant to 28 U. S. C. §1391(b) and (c).

## PARTIES

5. Plaintiff Timothy Jay Freeman (hereinafter "Plaintiff") is a Debtor-in-Bankruptcy pursuant to 11 U. S. C. §101(13).

6. Upon information and belief, Defendant, Jim Yule, obtained garnisheed wages of the Plaintiff, within the ninety (90) day preference period prior to the filing of the Plaintiff's Bankruptcy, that he is a creditor pursuant to 11 U. S. C. §101(10)(A) and that he can be served at 11928 Centre Street, Chester, VA 23831.

## FACTS

7. Plaintiff Timothy Jay Freeman commenced this case by filing, on April 24, 2013, a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, Case number 13-32288-KRH, in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division and Harry Shaia, Jr. was appointed Trustee.

**Rudolph C. McCollum, Jr.**
**Counsel for the Debtor**
**VSB# 32825**
**P.O. Box 4595**
**Richmond, VA 23220**
**(804) 523-3900 (Telephone)**
**(804) 523-3901 (Facsimile)**

8. On May 29, 2013 the Plaintiff filed a Homestead Deed in the Chesterfield County Circuit Court in Book 10206, at page 0842, exempting Wage garnishment proceeds in the sum of $1,719.00, along with other exempt property.

9. The 341 Meeting of Creditors was scheduled for June 3, 2013 and it was concluded on that date.

10. Harry Shaia, Jr. had been appointed as Trustee and he filed a Report of No Distribution on June 4, 2013.

11. Defendant Jim Yule filed a Garnishment in the Chesterfield County General District Court on November 28, 2012, Case Number GV11025374-02.

12. Defendant Jim Yule directly received checks totaling $1,291.00 from the Plaintiff's employer, ABC Builder Supply, during the period of January 4, 2013 through April 19, 2013 and the Garnishment was released on May 16, 2013.

**Rudolph C. McCollum, Jr.**
**Counsel for the Debtor**
**VSB# 32825**
**P.O. Box 4595**
**Richmond, VA 23220**
**(804) 523-3900 (Telephone)**
**(804) 523-3901 (Facsimile)**

13. Upon information and belief, Defendant Jim Yule obtained possession of the garnisheed funds received during the ninety (90) preference period and that said funds are subject to a voidable preference pursuant to 11 U. S. C. §547 and 11 U. S. C. §522(h), as the Trustee made no claim to these funds since the funds had been properly exempted by the Homestead Deed filed by the Plaintiff.

14. There was no distribution of funds or assets to the creditors in the Plaintiff's Chapter 7 Bankruptcy.

**WHEREFORE,** the Plaintiff respectfully requests of the Court as follows:

A. That this Court determines that the funds received by the Defendant were received during the ninety (90) preference period and that this transfer should be voided as a preference in accordance with 11 U. S. C. §547;

B. That the funds were properly exempted in accordance with 11 U. S. C. §522;

C. That the Defendant shall turn over the funds in the amount of $1,291.00 to the Plaintiff pursuant to 11 U. S. C. 542;

D. That the attorney for the Plaintiff be awarded reasonable legal fees and costs;

**Rudolph C. McCollum, Jr.**
**Counsel for the Debtor**
**VSB# 32825**
**P.O. Box 4595**
**Richmond, VA 23220**
**(804) 523-3900 (Telephone)**
**(804) 523-3901 (Facsimile)**

   E. That the Plaintiff has such other and further relief as to the Court may seem just and proper.

       Respectfully submitted,

       **Timothy Jay Freeman**

BY COUNSEL;  /s/ Rudolph C. McCollum, Jr., Esquire
       Rudolph C. McCollum, Jr.
       VSB# 32825
       P.O. Box 4595
       Richmond, VA 23220
       (804) 523-3900 (Telephone)
       (804) 523-3901 (Facsimile)

**Rudolph C. McCollum, Jr.**
**Counsel for the Debtor**
**VSB# 32825**
**P.O. Box 4595**
**Richmond, VA 23220**
**(804) 523-3900 (Telephone)**
**(804) 523-3901 (Facsimile)**